No. A-CV-10-81

## COURT OF APPEALS OF THE NAVAJO NATION

January 13, 1983

HERBERT MORGAN, et. al., Appellants,

vs.

THE NAVAJO NATION, Appellee.

Karl Johnson and Lawerence Long, DNA-People's Legal Service, Inc., Window Rock, Navajo Nation (Arizona) counsel for appellants; William Riordan, Navajo Department of Justice, counsel for appellee.

## CASE BEFORE THE COURT

This is a case arising under the grazing laws of the Navajo Nation. The District Court made a determination of ownership and forfeiture, as required by Sections 1306 and 1307 of the Navajo Tribal Code, and appellants Green and Morgan brought their appeal before this court on the judgment entered on February 20, 1981, claiming the District Court and the Navajo Nation were not in compliance with the applicable livestock statutes and that the judgment was not supported by substantial evidence.

An appeal was granted, and the matter was heard by a full panel of the Navajo Court of Appeals. Pending an opinion in the matter the parties entered into a certain "agreement of compromise and settlement of claim" on December 27, 1982. That agreement provides that the Morgans and the Greens will withdraw their appeal upon the payment of $32,500.00 to them. The Advisory Committee approved the agreement on January 5, 1983.

An unusual aspect to this case is that although the appellants are represented by counsel, they have chosen to approach the Court of Appeals directly, without the assistance of their counsel. They have not made a proper appearance under our rules of procedure, and they seem to think that this court is yet another administrative agency to be approached, not knowing there are specific procedures to be followed in order to avoid unfairly hearing only one side of the case. All persons coming before a court are bound by its rules and procedures, and this case could be brought to a conclusion by the full court upon the briefs and arguments submitted. However the appellants have submitted copies of the agreement they entered into with the Navajo Nation and the resolution of the Advisory Committee appropriating the money for the settlement, and the court has confirmed the stipulated arrangement with the Department of Justice.

Under law it is unusual to allow the dismissal of a case on stipulation following its submission to the full court after argument. However

the Court of Appeals has the authority to dismiss a case in such a situation, particularly where the parties have reached an agreement in harmony. Courts should always encourage and accept agreements to avoid a litigated decision, except in situations where some one may be injured by the agreement. In this case it appears that all the necessary parties to the appeal have come to an agreement and that the agreement will not harm any individual.

There is a presumption that the decision of a trial court is correct, and that presumption will be applied here. This court will presume that the judgment of the Window Rock District Court was correct and that the appeal should be terminated solely because of an agreement of the parties which does not admit fault or liability.

Therefore the agreement of December 27, 1982, as ratified and acted upon by the Advisory Committee on January 5, 1983 is hereby accepted by the Court of Appeals and, because the matter before the court is now moot, this appeal is hereby DISMISSED for a lack of probable cause.